IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDA SHELTON, | * | |
|     Plaintiff, | * | |
| v. | * | Civ. No. DLB-24-1068 |
| KLIMA, PETERS & DALY, P.A., *et al.*, | * | |
|     Defendants. | * | |

**MEMORANDUM AND ORDER**

Freda Shelton, who is proceeding without counsel, alleges Klima, Peters & Daly, P.A. ("KPD") and Capital One, N.A. ("Capital "One") engaged in unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 *et seq.*; and the Maryland Consumer Protection Act ("MCPA"), Com. Law § 13-101 *et seq.* ECF 1. Both defendants moved to dismiss the claims against them. ECF 5 & 20. The Court notified Shelton of both motions, but she only filed an opposition to KPD's motion. ECF 8. She also filed a motion for reconsideration of the Court's order denying her motion for injunctive relief, ECF 7. ECF 9. KPD filed a reply in support of its motion. ECF 10. For the following reasons, the motions to dismiss are granted and the motion for reconsideration is denied. If Shelton wants to file a motion for leave to amend her complaint to cure the deficiencies, she must do so by March 4, 2025.

**I.      The Complaint**

Shelton alleges that she "incurred a debt allegedly owed to CAPITAL ONE." ECF 1, ¶ 7. After experiencing a "loss of income," she reached out to Capital One and asked "to establish a repayment plan that align[ed] with [her] financial situation." *Id.* ¶ 8. Capital One did not grant her request and instead "attempted to impose payment terms that were beyond the scope of [her]

current income." *Id.* ¶ 9. Capital One attempted to collect $6,211.88, an amount Shelton disputes. *Id.* ¶ 12. She claims Capital One violated the FDCPA by imposing payment terms that did not "reasonably accommodate [her as a] consumer[] facing financial hardship," *id.* ¶ 10, and by failing to validate the debt, as she requested, *id.* ¶ 11. She claims Capital One violated the MCPA by failing to "disclose . . . that it had no intentions of performing its duties under its collection[] practices" and by making her "think there was no way to pay unless she met the minimum amounts decided by Defendant." *Id.* ¶ 25. She alleges that "If CAPITAL ONE had truthfully represented how it aggressively intended to collect from the Plaintiff despite financial difficulties, Plaintiff would not have accepted their credit card." *Id.* ¶ 26

Shelton also alleges that KPD, a law firm and a debt collector, attempted to collect the debt from her on Capital One's behalf and "attempted to include and tack on amounts that were unauthorized or unjustified by the law and/or the terms of Shelton's agreement with CAPITAL ONE." *Id.* ¶¶ 4, 6, 15. Shelton claims "KPD violated §§ 1692e(2), 1692e(10), and 1692f [of the FDCPA] by misrepresenting the amount, character and legal status of the debt when KPD attempted to collect debts or debt amounts that were unauthorized and/or unjustified." *Id.* ¶ 20. She also claims the defendants "violated the Md. Code Ann., Com Law § 13-301(13)(iii) [a provision of the MCPA] when the Defendant violated the MCDCA at §14-202(8)." *Id.* ¶ 28.

**II.     Standard of Review**

Both defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To comply with the Federal Rules of Civil Procedure, the complaint must contain, at a minimum, "a short and plain statement of the claim" that shows that

the plaintiff "is entitled to relief," and a request for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct."

To survive a motion to dismiss, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

Complaints drafted by self-represented plaintiffs like Shelton "are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough

3

facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))

### III.  KPD's Motion to Dismiss or for a More Definite Statement

KPD asks the Court to dismiss Shelton's claims against the firm because her allegations are conclusory or to direct Shelton to provide a more definite statement.

Shelton's allegations against KPD do not provide fair notice of the claims or show there is "more than a sheer possibility that the defendant has acted unlawfully." *See Int'l Refugee Assistance Project*, 961 F.3d at 648 (quoting *Iqbal*, 556 U.S. at 678). She alleges KPD attempted to collect "unauthorized or unjustified" debts from her on Capital One's behalf, but she does not allege what the amounts were, why they were unauthorized or unjustified, which terms of her agreement with Capital One prohibited collection of the contested amounts, or how charging or collecting those amounts violates the statutes she cites. No plausible violation of the FDCPA, MDCPA, or the MCPA is apparent to the Court from the allegations in the complaint.

Shelton's argument that discovery will provide more information about the unauthorized amounts fails for two reasons. First, she does not need discovery to know how much KPD attempted to charge her or what provisions of the statutes or the agreement between her and Capital One allegedly prevented KPD from charging those amounts. Second, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *See Iqbal*, 556 U.S. at 678–79.

Shelton's claims against KPD are dismissed without prejudice.

**IV.     Capital One's Motion to Dismiss**

Capital One argues that the FDCPA claim against it should be dismissed because it is not a debt collector.

> To succeed on a[n] FDCPA claim a plaintiff must demonstrate that (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012), *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013). Under the FDCPA, a "debt collector" is "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector," save anyone who meets one of these definitions but falls into one of several subsequent exclusions. *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016). In her complaint, Shelton does not allege Capital One meets any of the definitions of debt collector. Shelton has failed to plausibly plead that Capital One is a debt collector under the FDCPA.

Because the FDCPA applies only to the conduct of debt collectors, Shelton has not stated an FDCPA claim against Capital One. *See Stewart*, 859 F. Supp. 2d at 759; *see also Kennedy v. Lendmark Fin. Servs.*, No. RDB-10-2667, 2011 WL 4351534, at *4 (D. Md. Sept. 15, 2011), *aff'd sub nom. Kennedy v. Lendmark Fin. Servs., Inc.*, 458 F. App'x 262 (4th Cir. 2011); *Cooper v. Fulton Bank, N.A.*, No. CCB-16-4138, 2017 WL 5478318, at *3 (D. Md. Nov. 15, 2017). Shelton's FDCPA claim against Capital One is dismissed without prejudice.

Capital One also argues that the MCPA and MCDCA claims should be dismissed because Shelton fails to state a claim under either statute. The MCPA prohibits "unfair or deceptive trade practices," including "any . . . [f]alse . . . or misleading oral or written statement . . . which has the capacity, tendency, or effect of deceiving or misleading consumers" and "any . . . [f]ailure to state

a material fact if the failure deceives or tends to deceive." Md. Code Ann., Com. Law § 13–301(1), (3). An MCPA plaintiff must establish "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012) (citing *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 277 (Md. 2007)). To establish reliance, a consumer must show "the misrepresentation substantially induces the consumer's choice." *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 796 (D. Md. 2013) (citing *Nails v. S & R, Inc.*, 639 A.2d 660, 669–70 (Md. 1994)); *see also Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 534–35 (D. Md. 2011) (expressing similar standard for material omissions).

Shelton's allegations that Capital One misrepresented the terms of her credit card agreement are vague. She does not state what "duties" Capital One owed to her or what "collection practices" Capital One led her to believe it would follow. Nor does she allege how it was misleading for Capital One to tell her she had to meet the terms Capital One set for minimum payments. And she does not allege how Capital One misrepresented its debt collection tactics. Once again, Shelton's allegations do not give the defendant fair notice of the claims or show there is "more than a sheer possibility that the defendant has acted unlawfully." *See Int'l Refugee Assistance Project*, 961 F.3d at 648 (quoting *Iqbal*, 556 U.S. at 678). The MCPA claim is dismissed without prejudice.

As for the MCDCA, Shelton states in her preliminary statement that the defendants violated the statute, but she does not include an MCDCA claim in her complaint or any allegations pertaining to the MCDCA. She does not state a claim under the MCDCA. This claim is dismissed without prejudice.

If Shelton wants to file a motion for leave to file an amended complaint, she must do so by March 4, 2025. The motion must explain how the proposed amended complaint cures the deficiencies in her initial complaint. She must file a redlined and a clean version of the proposed amended complaint with her motion.

## V. Reconsideration of Order Denying Motion for Injunctive Relief

Shelton asked the Court to stop the defendants' collection efforts while this case is pending. ECF 3. The Court denied the motion because Shelton did not show that she will suffer irreparable harm without injunctive relief. ECF 7. Shelton now asks the Court to reconsider that order because she is experiencing "substantial non-monetary impacts such as diminished employment opportunities and housing instability." ECF 9, at 2.

Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b)—as compared to Rules 59(e) and 60(b), which govern challenges to final judgments—the Court has "broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson v. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). The Court's discretion under Rule 54(b), however, "is not limitless" and "is 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* at 256–57 (quoting *Off. Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted)). Accordingly, the Court may revise a prior order "under the same circumstances in which

7

it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* at 257 (quoting *Carlson*, 856 F.3d at 325).

Shelton's motion for reconsideration does not present any of the three circumstances recognized by the Fourth Circuit. Since the denial of her request for injunctive relief, there has not been any new evidence or change in the controlling law. Shelton argues that, without an injunction to prevent Capital One from collecting debts until this litigation is resolved, she suffers from "diminished employment opportunities and housing instability," which she characterizes as "non-monetary impacts." ECF 9, at 2. But Shelton does not explain how this information is new evidence. And Shelton has not identified a clear error that could cause manifest injustice in the absence of injunctive relief. Moreover, this order dismisses all of Shelton's claims so she cannot establish a likelihood of success on the merits. Accordingly, Shelton's motion for reconsideration is denied.

Accordingly, it is this 4th day of February, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The motion for reconsideration, ECF 9, is DENIED;

2. The motions to dismiss, ECF 5 and 20, are GRANTED;

3. Shelton may file a motion for leave to file an amended complaint by March 4, 2025;

4. Shelton is FOREWARNED that, if she does not timely file a motion for leave to file an amended complaint, this case will be dismissed without prejudice without further notice;

5. Shelton SHALL INFORM the court of any change of address during the pendency of this action pursuant to Local Rule 102.1.b.iii (D. Md. 2021); and

6. The Clerk SHALL MAIL a copy of this Order to Shelton.

                                               _____
                                               Deborah L. Boardman
                                               United States District Judge