# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FREDA SHELTON,** | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-24-1068 |
| **KLIMA, PETERS & DALY, P.A.,** *et al.*, | * | |
| Defendants. | * | |

### MEMORANDUM AND ORDER

Freda Shelton, who is proceeding without counsel, has filed motions for leave to file an amended complaint and a second amended complaint against Klima, Peters & Daly, P.A. ("KPD") and Capital One, N.A. ("Capital One") and a second motion for a temporary restraining order against Capital One. ECF 26, 27, 35. She would like to bring federal claims against the defendants for unfair debt reporting in violation of the Fair Credit Reporting Act ("FCRA") and state law claims of retaliatory credit reporting and breach of the duty of good faith and fair dealing. ECF 26-1, 35. Instead of opposing the first motion for leave to amend, both defendants moved to dismiss the claims in the amended complaint. ECF 29 & 31. Because the motions for leave to amend are unopposed, they are granted. Because Shelton still fails to state a claim against either defendant, the motions to dismiss are granted, and the FCRA claims and the state claims are dismissed without prejudice. Finally, the second motion for a temporary restraining order is denied.

**I.    Background**

Shelton filed suit on April 11, 2024, asserting three claims against KPD and Capital One. ECF 1. She alleged that the defendants engaged in unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 *et seq.*; and the

Maryland Consumer Protection Act ("MCPA"), Com. Law § 13-101 *et seq.* According to Shelton, when she could not make payments on "a debt allegedly owed to CAPITAL ONE," Capital One refused "to establish a repayment plan that align[ed] with [her] financial situation." *Id.* ¶¶ 7–8. She claimed Capital One violated the FDCPA by imposing payment terms that did not "reasonably accommodate [her as a] consumer[] facing financial hardship," *id.* ¶ 10, and by failing to validate the debt, as she requested, *id.* ¶ 11. She claimed Capital One violated the MCPA by failing to "disclose . . . that it had no intentions of performing its duties under its collection[] practices" and by making her "think there was no way to pay unless she met the minimum amounts decided by Defendant." *Id.* ¶ 25. Shelton also alleged that KPD, a law firm and a debt collector, attempted to collect the debt from her on Capital One's behalf and "attempted to include and tack on amounts that were unauthorized or unjustified by the law and/or the terms of Shelton's agreement with CAPITAL ONE." *Id.* ¶¶ 4, 6, 15. Shelton claimed "KPD violated §§ 1692e(2), 1692e(10), and 1692f [of the FDCPA] by misrepresenting the amount, character and legal status of the debt when KPD attempted to collect debts or debt amounts that were unauthorized and/or unjustified." *Id.* ¶ 20. She also claimed the defendants "violated the Md. Code Ann., Com Law § 13-301(13)(iii) [a provision of the MCPA] when the Defendant violated the MCDCA at §14-202(8)." *Id.* ¶ 28.

The defendants each moved to dismiss, ECF 5 and 20, and the Court granted their motions, ECF 25. The Court concluded that Shelton failed to state an FDCPA claim against Capital One because the FDCPA applies only to the conduct of debt collectors and Shelton did not plausibly plead that Capital One is a debt collector under the FDCPA. ECF 25, at 5. Additionally, Shelton's allegations that Capital One misrepresented the terms of her credit card agreement were too vague to state an MCPA claim. *Id.* at 6. And, she failed to state a claim under the MCDCA because she did not include an MCDCA claim in her complaint or any allegations pertaining to the MCDCA.

*Id.* The Court concluded that Shelton did not state a claim against KPD under any of the statutes because Shelton did not allege what amounts of debts that KPD attempted to collect from her on Capital One's behalf, "why they were unauthorized or unjustified, which terms of her agreement with Capital One prohibited collection of the contested amounts, or how charging or collecting those amounts violates the statutes she cites." *Id*. at 4. The Court stated that Shelton could file a motion for leave to file an amended complaint by March 4, 2025. The Court directed Shelton to explain in the motion how the proposed amended complaint cures the deficiencies in her initial complaint and to file a redlined and a clean version of the proposed amended complaint with her motion.

Shelton filed a timely motion for leave to file an amended complaint, and she attached a clean version of the proposed amended complaint. ECF 26 & 26-1. In her amended complaint, Shelton alleges that, "[w]hile this litigation was pending, [Capital One] reported a default to credit bureaus on January 25, 2025, despite the disputed status of the alleged debt," and the "reporting caused Plaintiff's credit score to drop from 677 to 514." ECF 26-1, ¶¶ 10–12. She claims the drop in credit score "significantly impacting her ability to" "[s]ecure housing," "[o]btain employment," "[m]aintain Loan Officer licensing," and "[a]ccess financial services, including loans and credit approvals." *Id*. ¶ 12. She believes the mid-litigation reporting "constitutes retaliatory reporting." *Id*. ¶ 13. She alleges that Capital One violated the FCRA because Capital One qualifies as "a furnisher of credit information under 15 U.S.C. § 1681s-2" and Capital One "knowingly and willfully reported inaccurate and misleading information to credit bureaus despite the disputed nature of the alleged account." *Id.* ¶¶ 15–18. She also claims retaliatory credit reporting and breach of the duty of good faith and fair dealing under state law. *Id.* ¶¶ 2, 19–26.

Both defendants moved to dismiss the amended complaint. ECF 29 & 31. Shelton opposed both motions. ECF 33 & 34. Neither defendant filed a reply.

In response to KPD's motion to dismiss, in which KPD asks to be dismissed as a defendant because there are no allegations against it in the amended complaint, Shelton filed a motion for leave to file a second amended complaint. ECF 35. She states that "due to a clerical oversight, the caption of the Amended Complaint inadvertently omitted Defendant KPD, despite maintaining allegations against KPD within the body of the complaint." ECF 35, at 1. Shelton asserts that she "did not intend to dismiss KPD and seeks leave to correct this error by filing a Second Amended Complaint that restores KPD's name in the case caption while preserving the claims against them." *Id.* She insists her "amendment does not introduce any new claims or defendants—it merely corrects the caption to reflect Defendant KPD's continued involvement in the case as already asserted in the First Amended Complaint." *Id.* at 2. Shelton refers to "the attached Second Amended Complaint," *id.*, but she did not attach a proposed second amended complaint. Neither defendant opposed the motion.

Shelton also filed a second motion for a temporary restraining order against Capital One, which the parties fully briefed. ECF 27, 28, 36. She asks the Court to enjoin Capital One "from reporting negative credit information regarding Plaintiff's account while this litigation is pending." ECF 27, at 1.

**II.    Motions to Amend**

A court should grant a motion to amend if there is no prejudice, bad faith, or futility. Fed. R. Civ. P. 15(a); *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024); *Katyle v. Penn. Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). If the proposed amended complaint fails to state

4

a claim, then amendment would be futile, and the motion should be denied. *Katyle*, 637 F.3d at 471.

Shelton's first motion for leave to file an amended complaint is unopposed. She did not file a redlined copy as directed in the Court's February 4, 2025 Order. *See* ECF 25. That omission is excused because the allegations and causes of action (FCRA violation and state common law claims) in the proposed amended complaint differ from the allegations and causes of action (FDCPA, MCPA, MCDCA violations) in the original complaint, obviating the need for a redlined version. The motion is granted and the proposed amended complaint, ECF 26-1, is accepted as filed.[1]

Shelton's motion for leave to file a second amended complaint also is unopposed. She did not attach the proposed second amended complaint as Local Rule 103.6(a) requires. Even so, she makes clear in her motion that her proposed amended complaint does not change the body of the complaint; it simply clarifies that KPD remains a defendant. The motion is granted based on Shelton's representations. The Court construes the allegations in the amended complaint to pertain to both defendants and accepts that the allegations in the amended complaint otherwise are unchanged.[2]

---

[1] Shelton states in her motions to amend that her amended complaints do not introduce any new claims. ECF 26, at 2; ECF 35, at 2. She insists the amended complaint provides "clarifications and factual enhancements" and "clearly identifies Capital One's liability under FDCPA, MCDCA, and MCPA." ECF 26, at 2. And, she states the second amended complaint "corrects the caption to reflect Defendant KPD's continued involvement in the case already asserted in the First Amended Complaint." ECF 35, at 2. To be clear, the only amended complaint that Shelton filed did not include an FDCPA claim. *See* ECF 26-1. And, she failed to state an FDCPA claim in her original complaint. *See* ECF 25. Therefore, there are no FDCPA claims pending before the Court.

[2] After Shelton filed her motion for leave to file a second amended complaint, she stated in her opposition to Capital One's motion to dismiss that she filed the second motion to amend "to clarify certain aspects of the caption *and strengthen the pleadings*." ECF 34, at 1 (emphasis added). But, in the second motion to amend, Shelton affirmatively stated that the proposed second amended complaint "does not introduce any new claims or defendants—it merely corrects the caption to

### III. Motions to Dismiss

Both defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To comply with the Federal Rules of Civil Procedure, the complaint must contain, at a minimum, "a short and plain statement of the claim" that shows that the plaintiff "is entitled to relief," and a request for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct."

To survive a motion to dismiss, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

---

reflect Defendant KPD's continued involvement in the case as already asserted in the First Amended Complaint." ECF 35, at 2. Further, she did not file the proposed second amended complaint, and therefore the Court cannot consider any new allegations she purports to include.

Complaints drafted by self-represented plaintiffs like Shelton "are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))

A.   **FCRA Claim against Capital One**

Capital One argues that Shelton fails to state an FCRA claim under 15 U.S.C. § 1681s-2(b) and that the state laws claims are not valid causes of action and, in any event, are preempted by the FCRA. ECF 29, at 5–8.[3]

Under § 1681s-2(b), if a consumer notifies a credit reporting agency ("CRA" or "agency") that they dispute the completeness or accuracy of particular information and the agency notifies the person who furnished the information of the consumer's dispute, the furnisher must investigate the claim, report the results of the investigation to the agency, notify any other credit reporting

---

[3] Shelton states that the defendants violated § 1681s-2, but she does not specify a subparagraph. ECF 26-1, ¶ 16. Capital One's discussion of § 1681s-2(b) is logical because "[t]here is no private right of action under § 1681s-2(a)." *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 313 (4th Cir. 2016) (citing 15 U.S.C. § 1681s-2(c), (d); *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 149 (4th Cir. 2008)). The Court likewise construes Shelton's amended complaint to present a claim under § 1681s-2(b).

7

agencies to which the furnisher had provided that information of the incompleteness or inaccuracy, and revise the information accordingly. *See* 15 U.S.C. § 1681s-2(b). As a result, to state a claim under section 1681s-2(b), a plaintiff must plead "(1) that [they] notified the CRAs of the disputed information; (2) that the CRAs notified [the defendant] of the dispute; and (3) that [the defendant] then failed to investigate and modify the inaccurate information." *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 581 (D. Md.), *aff'd*, 623 F. App'x 94 (4th Cir. 2015). Even then, the plaintiff also must plead facts sufficient to make it plausible that the defendant acted willfully, *see* 15 U.S.C. § 1681n, or negligently, *see id.* § 1681o.

Shelton does not plausibly state an FCRA claim. She does not allege she notified any CRA of the dispute. She does not allege that Capital One was notified by a CRA of the dispute. Thus, while Capital One knew of the dispute because of Shelton's filings in this Court, Shelton has not alleged that she provided notice through a CRA. Without that allegation, she cannot state an FCRA claim. *See Davenport*, 124 F. Supp. 3d at 581. Additionally, she has not alleged that Capital One failed to investigate the information at issue in the dispute. For this reason also, she fails to state an FCRA claim. *See id.* Her FCRA claim is dismissed without prejudice.

**B.    FCRA Claim against KPD**

In Shelton's motion for leave to file a second amended complaint, Shelton explains that she intended to bring the same claims against KPD as she does against Capital One. Shelton fails to state an FCRA claim against KPD for the same reasons her FCRA claim against Capital One falls short. Shelton's FCRA claim against KPD is dismissed without prejudice.

**C.    State Law Claims**

The Court declines to exercise supplemental jurisdiction over Shelton's state law claims. 28 U.S.C. § 1367(c)(3). The state law claims are dismissed without prejudice.

**IV.     Second Motion for a Temporary Restraining Order**

Shelton asks the Court to enjoin Capital One "from reporting negative credit information regarding Plaintiff's account while this litigation is pending." ECF 27, at 1. She complains that Capital One already "reported a default for the subject debt to credit bureaus, causing Plaintiff's TransUnion credit score to drop from 677 to 514." *Id.* She insists that Capital One's reporting "constitute[s] ongoing and irreparable harm, directly impacting Plaintiff's ability to secure housing, obtain employment, maintain professional licensing, and access financial services." *Id.*

Shelton previously asked the Court to stop the defendants' collection efforts while this case is pending. ECF 3. The Court denied the motion because Shelton did not show that she will suffer irreparable harm without injunctive relief. ECF 7. Shelton then asked the Court to reconsider that order because she is experiencing "substantial non-monetary impacts such as diminished employment opportunities and housing instability." ECF 9, at 2. The Court denied that motion because Shelton did not present any of the three circumstances recognized by the Fourth Circuit as a basis for revising an interlocutory order and she failed to establish a likelihood of success on the merits. Shelton's second motion for a temporary restraining order is, in effect, a second motion for reconsideration that fails for the same reasons as the previous motions.

Even if the Court considers the motion as a new motion for a temporary restraining order, it fails. A preliminary injunction serves "to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *United States v. South Carolina*, 720 F.3d 518, 524 (4th Cir. 2013) (quoting *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003)). In other words, a preliminary injunction enables the Court to ensure that, should the plaintiff prevail, the relief she seeks will be available to her to the same extent as when she filed suit. *See id.* Injunctive relief "is

a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010).

A plaintiff seeking preliminary injunctive relief must meet "a high bar" by "[s]atisfying . . . four factors." *SAS Institute, Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017). The plaintiff must show "[1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009) (discussing *Winter* factors). The "'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.'" *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)).

Shelton cannot establish a likelihood of success on the merits or a likelihood of irreparable harm absent preliminary relief. The Court is dismissing her claims; she cannot succeed on them. And, to the extent the harm she identifies (difficulty "secur[ing] housing, obtain[ing] employment, maintain[ing] professional licensing, and access[ing] financial services," ECF 27, at 1) could qualify as irreparable harm, it does not here. She claims Capital One already "reported a default for the subject debt to credit bureaus, causing Plaintiff's TransUnion credit score to drop from 677 to 514," *id.*, and she has not shown how continued reporting will cause harm that is distinct from the harm she allegedly already suffered. Her motion for a temporary restraining order is denied.

Accordingly, it is this 6th day of May, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The motion for leave to file amended complaints, ECF 26 and 35, are GRANTED;

2. The second motion for a temporary restraining order, ECF 27, is DENIED;

3. The motions to dismiss, ECF 29 and 31, are GRANTED;

4. The FCRA claims are DISMISSED without prejudice;

5. The state law claims are DISMISSED without prejudice; and

6. The Clerk shall MAIL a copy of this Order to Shelton and CLOSE this case.

$\qquad$
Deborah L. Boardman
United States District Judge